IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT IN AND FOR LEE COUNTY, FLORIDA

ELIO GORROSTIETA JR., CASE NO.:

Plaintiff,

v.

JLG INDUSTRIES, INC., a Foreign Corporation, and HOME DEPOT USA, INC., a Foreign Corporation,

Defendants.

________________________________________/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

COMES NOW, the Plaintiff, ELIO GORROSTIETA JR. (hereinafter referred to as "Plaintiff"), by and through the undersigned counsel, hereby sues Defendants, JLG INDUSTRIED INC. (hereinafter "JLG"), a Foreign Corporation and HOME DEPOT USA, INC. (hereinafter "HOME DEPOT"), a Foreign Corporation, (hereinafter collectively referred to as referred to as "Defendants"), and alleges as follows:

1. This is an action for damages in excess of Fifty Thousand Dollars ($50,000.00), exclusive of interest, costs, and attorneys' fees. The estimated value of Plaintiff's claim is in excess of the minimum jurisdictional threshold required by this Court. Accordingly, Plaintiff has entered "$50,001.00" in the Civil Cover Sheet for the "estimated amount of the claim" as required in the preamble to the Civil Cover Sheet for jurisdictional purposes only (The Florida Supreme Court has ordered that the estimate "amount of claim" be set forth in the civil cover sheet for data collection and clerical purposes only). The actual amount of Plaintiff's claim will be determined by a fair and just jury in accordance with Article 1, Section 21, Fla. Const.

2. At all times material hereto, Plaintiff was operating heavy equipment in Lee County, Florida, and is sui juris.
3. At all times material hereto, JLG was authorized to conduct business in Lee County, Florida.
4. The subject of this Complaint is a boom lift (bearing serial number 2598445) manufactured by JLG and rented to Plaintiff by HOME DEPOT.
5. Plaintiff, ELIO GORROSTIETA JR., leased/rented the subject boom lift from HOME DEPOT located at 11941 Bonita Beach Road SE, Bonita Beach, FL 34135, in Lee County.
6. Defendant, HOME DEPOT, is a corporation which does business in Lee County, Florida, including the renting/leasing of heavy equipment, such as boom lifts, to its customers.
7. The Defendant, JLG, is the manufacturer of the subject boom lift and submitted itself to the jurisdiction of this Honorable court by doing, personally or through its agents, at all times material hereto, the following acts:
    a. Committing a tortious act within this State and within the County of Lee by selling and delivering defective boom lifts and component parts, including the subject boom lift, to persons, firms, or corporations in this jurisdiction via its dealers, distributors, wholesalers, lessors, and brokers, including HOME DEPOT. Such boom lifts were used by consumers, like Plaintiff, in this jurisdiction in the ordinary course of commerce and trade;
    b. Conducting and engaging in substantial business and other activities in Florida and within the County of Lee by selling and servicing boom lifts and component parts, including the boom lift subject to this litigation, to persons, firms, or

corporations within this jurisdiction via its dealers, distributors, wholesalers, lessors, and brokers, including HOME DEPOT.

c. The acts or omissions of Defendant, JLG, caused injuries to persons in Florida, including Plaintiff. At or about the time of the said injuries, JLG engaged in solicitation activities in this jurisdiction to promote the sale, lease, consumption, use, maintenance and repair of boom lifts, including the subject boom lift.

d. Selling and/or leasing boom lifts and component parts, including the subject boom lift, with knowledge or reason to foresee that they would be shipped and used interstate and would reach the market of Florida and the county of Lee for users in this jurisdiction.

e. Voluntarily qualifying to conduct business in this jurisdiction by registering with the Florida Department of State and designating a resident agent for service of process in Florida.

8. This action arises from serious injuries sustained by the Plaintiff due to a defective and/or improperly maintained boom lift that malfunctioned during its normal and intended use.

9. Specifically, on or about April 14, 2024, the subject boom lift's hydraulic manifold/ mechanism and component parts, including its fluid, tubes and valves failed, thereby causing the lift to suddenly and without warning drop while Plaintiff was in the basket/platform causing severe injuries to Plaintiff.

**COUNT I**
**STRICT LIABILITY AGAINST JLG**

10. Plaintiff adopts and re-alleges paragraphs one (1) through nine (9) as if fully set forth herein, and further alleges as follows:

11. Defendant, JLG, is in the business of manufacturing, selling, repairing, maintaining, and distributing boom lifts, including the subject boom lift at issue in this litigation.
12. Defendant, JLG, manufactured and, based on information and belief, was and is responsible to repair and maintain the boom lift at issue in this litigation.
13. Defendant, JLG, based on knowledge and belief, placed the subject boom lift on the market for lease, rent, sale or otherwise, with knowledge that it would be used without inspection for defects or unknown dangers.
14. Defendant, JLG knew or should have known that ultimate users, operators or consumers and others who would reasonably and foreseeably come into contact with the subject boom lift would not and could not properly inspect the product for defects and dangerous conditions, and that detection of such defects or dangers would be beyond the capabilities of such persons.
15. The subject boom lift was defective and unreasonably dangerous to ultimate users, operators or consumers when sold, leased, and/or distributed by JLG because the subject boom lift was defectively designed, manufactured, assembled and/or was not properly maintained in such a manner that it failed to provide adequate stability or occupant protection, thereby creating an unreasonable risk that a user, including Plaintiff, could be jostled or ejected from the equipment during normal operation.
16. The detective manufacture, repair, maintenance, and/or assembly of the boom lift, including but not limited to component parts like its hoses, valves, various hydraulic mechanisms are imperative for safe and sound operation of the boom lift.

17. For the reasons set forth above, the subject boom lift was unreasonably dangerous to foreseeable users, including ELIO GORROSTIETA JR., who used the lift in an ordinary and foreseeable manner.

18. The defects described above directly and proximately caused the incident and injuries sustained by ELIO GORROSTIETA JR. in that they directly and in natural and continuous sequence produced or contributed substantially to his injuries.

19. As a result of the defects, Plaintiff, ELIO GORROSTIETA JR., was injured in and about his body and extremities; incurred medical expenses for the treatment of said injuries; incurred pain and suffering of both a physical and mental nature; incurred loss of wages and a loss of wage earning capacity, all of which are either permanent or continuing in nature and the Plaintiff, ELIO GORROSTIETA JR., will sustain said loss in the future.

WHEREFORE, Plaintiff, ELIO GORROSTIETA JR., demands judgment against Defendant, JLG, for damages, costs, pre-judgment interest, where applicable, attorney's fees where and only if applicable, and further demands trial by jury on all issues triable as of right by jury.

**COUNT II**
**PRODUCT LIABILITY AND NEGLIGENCE AGAINST JLG**

20. Plaintiff adopts and re-alleges paragraphs one (1) through nine (9) as if fully set forth herein, and further alleges as follows:

21. Defendant, JLG, knew, or in the exercise of due care should have known, that the subject boom lift would be used without inspection and was in an unreasonably dangerous condition and would create a foreseeable and unreasonable risk of harm to users,

including Plaintiff, ELIO GORROSTIETA JR., who used the boom lift in an ordinary and foreseeable manner.

22. Defendant, JLG, had a duty to properly and adequately design, manufacture, assemble, test, inspect, label, maintain, repair, provide adequate warnings for, subject boom lift in a reasonably safe condition so as not to present danger to users like Plaintiff, who reasonably and expectedly under ordinary circumstances would come into contact with the subject boom lift.

23. Defendant, JLG, breached its duty by negligently designing, manufacturing, assembling, testing, inspecting, labeling, failing to warn, failing to adequately, failing to adequately maintain and repair, and properly train lessors, lessees, owners and operators of the boom lift in the proper use of safety procedures, precautions, and recommendations when it distributed, leased and/or sold the subject boom lift when with the exercise of reasonable care, it knew or should have known it was not in a reasonably safe condition for foreseeable use because of the following acts or omissions:

    a. The subject boom lift was defectively designed, manufactured, repaired, assembled and/or maintained in such a manner that it failed to provide adequate stability or occupant protection, thereby creating an unreasonable risk that a user could be jostled or ejected from the equipment during normal operation.

    b. Defendant, JLG breached its duty to Plaintiff, ELIO GORROSTIETA JR., by failing to adequately maintain, repair, and inspect the subject boom lift and by failing to ensure that the subject boom lift was safe and reliable to use by the Plaintiff.

c. Additionally, Defendant, JLG, failed to provide appropriate instruction and training to the Plaintiff regarding proper use of fall protection equipment and other safety procedures.

d. Defendant, JLG, failed to inspect the subject boom lift to confirm it is in safe and operational order prior to it being leased, sold, and/or distributed the boom lift to third parties like Plaintiff.

24. The negligence described above directly and proximately caused the incident and injuries sustained by Plaintiff, ELIO GORROSTIETA JR., in that they directly and in natural and continuous sequence produced or contributed substantially to his injuries.

25. As a result of the negligence, Plaintiff, ELIO GORROSTIETA JR., was injured in and about his body and extremities; incurred medical expenses for the treatment of said injuries; incurred pain and suffering of both physical and mental nature; incurred a permanent injury to the body as a whole; incurred loss of ability to lead and enjoy a normal life; incurred loss of wages and a loss of wage earning capacity, all of which are either permanent or continuing in nature and the Plaintiff, ELIO GORROSTIETA JR., will sustain loss in the future.

WHEREFORE, Plaintiff, ELIO GORROSTIETA JR., demands judgment against Defendant, JLG, jointly and severally, for compensatory damages, costs, and interest, and for such other relief as the Court deems just and demands a trial by jury on all issues so triable as a matter of right.

**COUNT III**
**STRICT LIABILITY AGAINST HOME DEPOT USA, INC.**

26. Plaintiff adopts and re-alleges paragraphs one (1) through nine (9) as if fully set forth herein, and further alleges as follows:

27. Defendant, HOME DEPOT, is in the business of selling, renting, leasing and/or distributing aerial platforms, including the subject boom lift manufactured by JLG.
28. On or about April 15, 2024 Defendant, HOME DEPOT, placed the subject boom lift on the market by renting or leasing it to Plaintiff, ElLIO GORROSTIETA JR., and/or a person or company authorized to rent or lease on their behalf, with knowledge that it would be used without inspection for defects and dangerous conditions, and that detection of such defects or dangers would be beyond the capabilities of such persons.
29. The subject boom lift was defective and unreasonably dangerous to ultimate users, operators or consumers when sold, rented, leased and/or distributed by HOME DEPOT for the following reasons because the subject boom lift was defectively designed, manufactured, assembled, repaired, and/or maintained in such a manner that it failed to provide adequate stability or occupant protection, thereby creating an unreasonable risk that a user could be jostled or ejected from the equipment during normal operation.
30. On or about April 15, 2024, at time of the incident, the subject boom lift was substantially unchanged from its condition, as set forth above, when leased, rented, and/or distributed by the Defendant, HOME DEPOT.
31. For the reasons set forth above, the subject boom lift was unreasonably dangerous to foreseeable users, including Plaintiff, ELIO GORROSTIETA JR., who used the lift in an ordinary and foreseeable manner.
32. The defects described above directly and proximately caused the incident and injuries sustained by Plaintiff, ELIO GORROSTIETA JR., in that they directly and in natural and continuous sequence, produced or contributed substantially to his injuries.

33. As a result of the defects, Plaintiff, ELIO GORROSTIETA JR., was injured in and about his body and extremities; incurred medical expenses for the treatment of said injuries; incurred pain and suffering of both a physical and mental nature; incurred loss of wages and a loss of wage earning capacity, all of which are either permanent or continuing in nature and the Plaintiff, ELIO GORROSTIETA JR., will sustain said loss in the future.

WHEREFORE, Plaintiff, ELIO GORROSTIETA JR., demands judgment against Defendant, HOME DEPOT, for damages, costs, pre-judgment interest, where applicable, attorney's fees where and only if applicable, and further demands trial by jury on all issues triable as of right by jury.

**COUNT IV**
**PRODUCT LIABILITY AND NEGLIGENCE AGAINST HOME DEPOT**

34. Plaintiff adopts and re-alleges paragraphs one (1) through nine (9) as if fully set forth herein, and further alleges as follows:

35. Defendant, HOME DEPOT, knew, or in the exercise of due care should have known, that the subject boom lift would be used without inspection and was in an unreasonably dangerous condition and would create a foreseeable and unreasonable risk of harm to users, including ELIO GORROSTIETA JR. who used the boom lift in an ordinary and foreseeable manner.

36. Defendant, HOME DEPOT, had a duty to properly and adequately inspect, assemble, test, inspect, label, provide adequate warnings for, distribute/lease/rent the subject boom lift in a reasonably safe condition so as not to present danger to users, like Plaintiff, who reasonably and expectedly under ordinary circumstances would come into contact with the subject boom lift.

37. Defendant, HOME DEPOT, breached its duty by negligently assembling, repairing, testing, inspecting, labeling, failing to warn, failing to adequately and properly train lessors, lessees, and operators of the boom lift in the proper use of safety procedures, precautions, and recommendations when it distributed, leased, and/or rented the subject boom lift when with the exercise of reasonable care, it knew or should have known it was not in a reasonably safe condition for foreseeable use because of the following acts or omissions:

    a. The subject boom lift was defectively designed, manufactured, assembled, repaired, and/or maintained in such a manner that it failed to provide adequate stability or occupant protection, thereby creating an unreasonable risk that a user could be jostled or ejected from the equipment during normal operation.

    b. HOME DEPOT had a duty to provide Plaintiff, ELIO GORROSTIETA JR., with proper and adequate training and supervision to ensure that the Plaintiff was aware of how to safely operate the subject boom lift.

    c. HOME DEPOT breached its duty to Plaintiff, ELIO GORROSTIETA JR., by failing to adequately maintain, repair, and inspect the subject boom lift and by failing to ensure that the subject boom lift was safe and reliable to use by Plaintiff.

    d. Additionally, HOME DEPOT, failed to provide appropriate instruction and training to the Plaintiff and/or his employer/supervisor regarding proper use of fall protection equipment and other safety procedures.

38. The negligence described above directly and proximately caused the incident and injuries sustained by Plaintiff, ELIO GORROSTIETA JR., in that they directly and in natural and continuous sequence produced or contributed substantially to his injuries.

39. As a result of the negligence, ELIO GORROSTIETA JR. was injured in and about his body and extremities; incurred medical expenses for the treatment of said injuries; incurred pain and suffering of both physical and mental nature; incurred a permanent injury to the body as a whole; incurred loss of ability to lead and enjoy a normal life; incurred loss of wages and a loss of wage earning capacity, all of which are either permanent or continuing in nature and Plaintiff, ELIO GORROSTIETA JR., will sustain loss in the future.

**COUNT V**
**BREACH OF WARRANTY AGAINST HOME DEPOT**

40. Plaintiff, adopts and re-alleges paragraphs one (1) through nine (9) as if fully set forth herein, and further alleges as follows:
41. When HOME DEPOT rented/leased the subject boom life to Plaintiff, it warranted tat the boom lift was in operation and fit for its intended purpose.
42. Defendant, HOME DEPOT, breached its warranty to Plaintiff, ELIO GORROSTIETA JR., as the boom lift was not fit for its intended purpose as its hydraulic manifold/ mechanism and component parts, including its fluid, tubes and valves were not in full operational order, nor were they properly inspected by HOME DEPOT prior to the exchange, which caused the lift to malfunction and drop suddenly without warning while Plaintiff was in the bucket.
43. As a result of the breach of warranty committed by HOME DEPOT, by and through its agents or employees, Plaintiff sustained bodily injury, resulting in pain and suffering, disability, disfigurement, mental anguish, emotional distress, loss of capacity for the enjoyment of life, expense of medical care and treatment, loss of earnings, loss of ability

to earn money in the future, and aggravation of pre-existing conditions. Those losses are permanent and continuing and Plaintiff will suffer losses in the future.

WHEREFORE, Plaintiff, ELIO GORROSTIETA JR., demands judgment against Defendant, HOME DEPOT, jointly and severally, for compensatory damages, costs, and interest, and for such other relief as the Court deems just and hereby demands a trial by jury on all issues so triable as a matter of right.

Dated this 20th day of August 2025.

/s/ *Lisa A. Difilippo*
Lisa A. Difilippo, Esq.
Florida Bar No.: 115334

/s/ *Michael-Anthony Pica*
Michael-Anthony Pica, Esq.
Florida Bar No.: 15632

Difilippo & Pica, PLLC
Attorneys for Plaintiff
2733 Oak Ridge Court, Suite 102
Fort Myers, FL 33901
Telephone: 239-420-5472
Facsimile: 786-475-5909
Email: Lisa@dplawfl.com
Paralegal@dplawfl.com
Michael-Anthony@dplawfl.com